UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| CRAIG D. RICHARDSON, )<br>　　　　　　　　　　　　　　　)<br>　　　　Plaintiff, 　　　　　　　)<br>　　　　　　　　　　　　　　　)<br>　　v.　　　　　　　　　　　　 )　　2:14-cv-00139-JAW<br>　　　　　　　　　　　　　　　)<br>RAY MABUS, 　　　　　　　　　)<br>　　　　　　　　　　　　　　　)<br>　　　　Defendant. 　　　　　　)| |

**ORDER ON MOTION FOR CERTIFICATION OF ISSUE FOR INTERLOCUTORY APPEAL**

On August 24, 2016, the Court issued an order granting in part and denying in part the Secretary of the Navy's motion for summary judgment. *Summ. J. Order* (ECF No. 83). On September 6, 2016, Craig Richardson moved this Court to certify to the Court of Appeals for the First Circuit the issue of Mr. Richardson's loss of privilege to drive United States Government vehicles. *Pl.'s Mot. for Interlocutory Appeal* (ECF No. 84). On September 27, 2016, Secretary Mabus responded, opposing the motion for certification. *Def.'s Resp. in Opp'n to Pl.'s Mot. for Interlocutory Appeal* (ECF No. 87) (*Gov't's Opp'n*).

The Court denies Mr. Richardson's motion on the ground that an interlocutory appeal will not "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The Court's decision is purely practical. Mr. Richardson's Complaint contained four counts: (1) disability discrimination under 29 U.S.C. § 791, (2) age discrimination under 29 U.S.C. § 621, (3) retaliation under 29 U.S.C. § 623

and § 791, and (4) failure to accommodate under 29 U.S.C. § 791. *Compl.* at 11–15 (ECF No. 1). In its Order, the Court granted the Defendant's summary judgment on Counts I, II and IV, denied the Defendant's motion for summary judgment on Count III, and denied Mr. Richardson's motion for summary judgment on Count I. *Summ. J. Order* at 136. This leaves Mr. Richardson's retaliation case, Count III, for trial.

Trial should be soon. All discovery is over, and on October 12, 2016, the Clerk's Office notified counsel that the case is on the trial list for the December 2016 term of court with jury selection on December 5, 2016. *Trial List* (ECF No. 88). Assuming trial goes forward in December, the entire case will be over at the trial level, a final judgment will issue, and the entire matter may be appealed in the ordinary course, all before the end of the year. If Mr. Richardson is unsuccessful at trial in the retaliation count, he may wish to appeal any issues related to that count and to raise those issues along with any appellate challenges to the summary judgment order. Conversely, if Mr. Richardson is successful at trial in the retaliation count, the Defendant may wish to appeal that verdict, and Mr. Richardson could then cross-appeal the summary judgment order. Either way the Court of Appeals would avoid a piecemeal resolution of the legal issues in this case. From the Court's perspective, to allow Mr. Richardson to get a slight jump on the appellate process on one issue is not worth the inherent inefficiency of multiple appeals.

Nor does the First Circuit look favorably on interlocutory appeals. *Millay v. State of Me. DOL*, No. 1:11-cv-00438-NT, 2013 U.S. Dist. LEXIS 2502, at *3 (D. Me. Jan. 8, 2013); *Lawson v. FMR LLC*, 724 F. Supp. 2d 167, 168 (D. Mass. 2010). In

*Camacho v. Puerto Rico Ports Authority*, 369 F.3d 570 (1st Cir. 2004), the First Circuit wrote that "[s]ection 1292(b) is meant to be used sparingly, and appeals under it are, accordingly, hen's-teeth rare." *Id.* at 573.  Furthermore, even if this Court were to grant Mr. Richardson's motion, he would still have to convince the Court of Appeals that it should accept an interlocutory appeal.  *Id.* ("[Interlocutory appeals] require, among other things, leave of both the trial and appellate courts"); 28 U.S.C. § 1292(b).  In the circumstances of this case with trial so near, by the time the Court of Appeals reviewed the legal issues and determined whether to accept the interlocutory appeal, it may well be that the retaliation count would have been tried to verdict and the entire case would be ripe for appeal as a matter of right.

       The Court is sensitive to Mr. Richardson's concern that his case might have to be tried twice, once on the retaliation claim and again on the other dismissed claims, if he is successful on appeal.  But on this point, the Court agrees with the Government that "all that an interlocutory appeal will do is trade the possibility of two trials and one appeal for the possibility of two trials and two appeals." *Gov't's Opp'n* at 6.

       The Court DENIES Plaintiff's Motion for Interlocutory Appeal (ECF No. 84).

       SO ORDERED.

                                                      /s/ John A. Woodcock, Jr.
                                                      JOHN A. WOODCOCK, JR.
                                                      UNITED STATES DISTRICT JUDGE

Dated this 13th day of October, 2016